IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DANNY S. MARTINEZ and**
**KATHERINE F. MARTINEZ**

        Appellants,

vs.                                                                                      No. CV 02-1315 LH/WDS

**LOS ALAMOS NATIONAL BANK**

        Appellee.

**MAGISTRATE JUDGE'S PROPOSED**
**FINDINGS AND RECOMMENDED DISPOSITION[1]**

      This matter is before the Court on an appeal by Debtors/Appellants Danny S. Martinez and Katherine F. Martinez ("the Martinezes") from the United States Bankruptcy Court's Order Granting Los Alamos National Bank's Motion For Summary Judgment and the Judgment entered on October 8, 2002 in *Los Alamos National Bank v. Danny S. Martinez and Katherine F. Martinez*, Adversary No. 02-1145M ("the Adversary proceeding"). The bankruptcy court's grant of summary judgment to Los Alamos National Bank ("LANB") denied the Martinezes discharge pursuant to 11 U.S.C §727(a)(6)(C). On appeal the Martinezes argue that the bankruptcy court erred in granting summary judgment on a number of grounds. After conducting a *de novo* review, and for the reasons set out below, this Court recommends that the United State Bankruptcy Court's order granting summary

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 29 U.S.C. §636(b)(1), file written objections to such findings an recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

judgment be affirmed.

## BACKGROUND

On May 23, 2001, the Martinezes filed for Chapter 11 bankruptcy protection. *In re: Danny Martinez and Katherine Martinez, Debtors,* No. 11-01-13605MS ("the Bankruptcy proceeding"). According to the Martinezes, Katherine F. Martinez is a former employee and former mortgage loan officer at LANB. At the time of the filing of the bankruptcy case, Ms. Martinez was no longer employed by LANB and was the subject of an investigation regarding suspected embezzlement from that institution. Brief in Chief, p. 7.

LANB took the Rule 2004 depositions of the Martinezes in September, 2001. Doc. 87 in 11-01-13605, p. 2. During the depositions, the Martinezes invoked their Fifth Amendment privilege against self-incrimination and refused to answer certain questions. *Id.* LANB then filed a Motion to Compel Answers to Deposition Questions, Production of Documents and for Sanctions in the Bankruptcy proceeding. *Id.* On March 22, 2002, the bankruptcy court entered an Order Granting in Part and Denying in Part Los Alamos National Bank's Motion to Compel Answers to Deposition Questions, Production of Documents and for Sanctions, along with a Memorandum Opinion regarding the same (collectively referred to as the "Order").[2] Doc. 87 and 88 in 11-01-13065. In a thorough analysis of Fifth Amendment privilege, the bankruptcy court found that the Martinezes had a reasonable fear of future prosecution and that they validly invoked their Fifth Amendment privilege as to the majority of questions asked by LANB at their depositions. Doc. 87 in 11-01-13065.

---

[2] In this Order and Memorandum Opinion, the court considered an issue regarding handwriting samples. Because that issue was not reached by the Court in ruling on the summary judgment motion and not a part of this appeal, it will not be addressed in this opinion.

However, the court further found that the Martinezes' Fifth Amendment privilege did not extend to questions concerning their possible claims against LANB and ordered the Martinezes to answer certain specific questions that were asked of them in their September, 2001 depositions. Doc. 87 in 1-01-13065, p. 10. The Martinezes did not appeal from the Order nor did they take any other action to reverse the Order or to stay its implementation. Doc. 11 in 02-1145, p. 2, 5.

On June 20, 2002, the depositions recommenced. Doc. 6 in 02-1145, Exhibits C and D. The Martinezes were represented by both bankruptcy counsel and criminal counsel. *Id.* Prior to asking the specific questions referred to in the Order, counsel for LANB questioned the Martinezes about the Order. *Id.,* Ex. C at 257 - 259, Ex. D at 292-293. Both of the Martinezes acknowledged that they had previously read both the Opinion and the Order and that they understood that they were ordered by the bankruptcy court to appear for their depositions and answer certain questions that they had previously refused to answer. *Id.* Counsel for LANB then asked the specific questions that the bankruptcy court had ordered the Martinezes to answer, as well as several others. Doc. 6 in 02-1145, Exhibits C and D. Ms. Martinez answered one of the six questions that she had been ordered to answer. *Id.* She reasserted her Fifth Amendment privilege and refused to answer the other five questions. *Id*. Similarly, Mr. Martinez answered two of the eight questions he was ordered to answer, claiming his Fifth Amendment privilege with respect to six questions. *Id.*

On June 27, 2002, LANB initiated the Adversary proceeding by filing a complaint objecting to discharge. On August 2, 2002, LANB filed a Motion for Summary Judgment and memorandum brief in the Adversary proceeding. Docs. 5 and 6 in 02-1145. LANB requested that the Court deny the Martinezes' discharge as a matter of law pursuant to 11 U.S.C. §727(a)(6)(A) (refusal to obey lawful order of the court, other than to respond to material question or to testify) and/or 11 U.S.C.

3

§727(a)(6)(C) (refusal to respond to a material question approved by the court). *Id.* LANB argued, *inter alia*, that the Martinezes refused to answer the questions that they were ordered to answer at their June 20, 2002 depositions, that these refusals were willful and intentional and, accordingly, that LANB was entitled to judgment as a matter of law. *Id.* The Martinezes responded on August 23, 2002, arguing, *inter alia*, that the motion should be denied on the grounds that they did answer one or more questions and their refusal not to answer certain questions was not willful and intentional. Doc.8 in 02-1145. They also argued that their Fifth Amendment rights were at stake and that the Court should either deny the motion, continue it for further hearing or order LANB to seek immunity for the Martinezes. *Id.* A hearing was held on August 28, 2002. Transcript of Proceedings, 8/28/02. At no time during the hearing did either party address or discuss with the Court the status of Ms. Martinez' criminal case or request that the summary judgment motion be stayed pending certain developments in the criminal case. *Id.*

On October 8, 2002, the Court entered an order granting LANB's Motion for Summary Judgment. Doc.11 in 02-1145. In its order granting summary judgment, the Court stated:

> The Court concludes that Defendants violated 11 U.S.C. §727(a)(6)(C) by wilfully failing and refusing to answer questions which the Court previously approved and ordered Defendants to answer. Because the Court already determined that the Fifth Amendment privilege did not extend to the questions the Court compelled Defendants to answer, Defendants' reassertion of their Fifth Amendment privilege at the continued depositions was not valid.

*Id.* at 5. On that same date the Court entered a judgment denying the Martinezes discharge pursuant to 11 U.S.C. §727(a)(6)(C). Doc.12 in 02-1145.

On October 16, 2002, the Martinezes filed a notice of appeal in the Adversary proceeding. Doc.13 in 02-1145. On the same date, they also filed an election to have their bankruptcy appeal

heard in the United States District Court pursuant to 28 U.S.C. §158(c)(1).  Doc.14 in 02-1145.

## STANDARD OF REVIEW

The standard for reviewing a bankruptcy court's grant of summary judgment is *de novo*, affording no deference to its decisions on questions of law. *In re Western Pacific Airlines, Inc.*, 273 F.2d 1288, 1290-91 (10th Cir. 2001).  A bankruptcy court's findings of fact will be rejected only if they are clearly erroneous. *Tulsa Energy, Inc. v. KPL Prod. Co. (In re Tulsa Energy, Inc.)*, 111 F.3d 88, 89 (10th Cir. 1997).  Under Fed. R. Bank. P. 7056, Rule 56 of the Federal Rules of Civil Procedure applies with respect to summary judgment.

Rule 56(c) provides that summary judgment will be granted if "there is no genuine issue as to any material fact . . ."  Once the moving party meets its burden, the party opposing the motion must come forward with specific facts, supported by admissible evidence, which demonstrate the presence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Beister v. Midwest Health Servs., Inc.,* 77 F.3d 1264, 1266 (10th Cir. 1996)*.*  The party opposing the motion may not rest upon the mere denials of his pleadings to avoid summary judgment, nor will argument or contention suffice.  Fed. R. Civ. P. 56(e); *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991).  A party opposing the motion must submit evidence by way of affidavit, answers to interrogatories, admissions, deposition testimony, documents or other admissible evidence to demonstrate the presence of a factual dispute on a material issue.  Fed.R.Civ.P. 56(e).

"The mere existence of a scintilla of evidence in support of the nonmoving party's position is insufficient to create a dispute of fact that is 'genuine.'" *Lawmaster v. Ward*, 125 F.3d 1341, 1347 (10th Cir. 1997).  Summary judgment is appropriate only if there is not sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict for that party. *Anderson*, 477 U.S. at

249. Thus, the Court's inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. In considering a motion for summary judgment, the Court construes the factual record and the reasonable inferences therefrom in the light most favorable to the party opposing the motion. *Perry v. Woodward*, 199 F.3d 1126 (10th Cir. 1999).

## DISCUSSION

The issue before this Court is whether the bankruptcy court erred or abused its discretion in granting LANB's motion for summary judgment in the Adversary proceeding. The Martinezes contend that the Court erred when it granted summary judgment in favor of LANB on the following grounds: 1) it was based on an error of law that the Order was a final, appealable order; 2) it was based on an error of law that Ms. Martinez had no valid Fifth Amendment privilege; 3) it violated the Martinezes' Fifth Amendment rights; 4) it was an abuse of discretion because it was unnecessary and exceeded all bounds of permissible choice under the circumstances; and, 5) there were disputed issues of material fact precluding summary judgment. I will address the Martinezes claims in that order.

### WHETHER THE SUMMARY JUDGMENT WAS BASED ON AN ERROR OF LAW THAT THE MARCH 22, 2002 ORDER WAS A FINAL APPEALABLE ORDER

The Martinezes claim that the Order was not a final, appealable order and that it was error for the bankruptcy court to grant LANB summary judgment for failure of the Martinezes to appeal that order. However, this argument misses the point. First, the bankruptcy court did not grant summary judgment because the Martinezes failed to appeal the Order in their bankruptcy proceeding. As discussed previously, the court granted summary judgment after it concluded that the Martinezes willfully refused to obey a court order to answer specific questions at their depositions.

Secondly, in observing that the Martinezes "did not appeal the Court's Order; therefore, they are bound to obey it" the court cited to *Maness v. Meyers,* 419 U.S. 449, 459 (1975) for the proposition that parties must obey a properly issued order of the court "until it is reversed by orderly and proper proceedings." The bankruptcy court was not limiting the Martinezes' options to a direct appeal. The court was simply observing that a valid order was in place and that the parties were required to obey it until some other action was taken and the court entered another ruling. The Martinezes could have filed a motion for reconsideration or a motion for stay. They also could have pursued an interlocutory appeal. Whether any of those options would have provided the Martinezes with the relief they were seeking is unknown because they never pursued them. It is not the role of this Court to speculate or suggest what the outcome of any of those avenues of relief would have been. If the Martinezes disagreed with the Order, it was incumbent on them to take some kind of action directed at the Order in the Bankruptcy proceeding and not simply to refuse to comply with the Order at the time of their depositions. This Court fully recognizes the problems created if parties are permitted to refuse to comply with court orders with which they disagree and will not sanction a party's private determination of the validity of a court order.

### WHETHER THE SUMMARY JUDGMENT WAS BASED ON AN ERROR OF LAW THAT MS. MARTINEZ HAD NO VALID FIFTH AMENDMENT PRIVILEGE

The Martinezes argue that it was error for the bankruptcy court to enter summary judgment because it was based on an error of law that the Martinezes had no valid Fifth Amendment privilege. However, that issue was not before the bankruptcy court in considering LANB's summary judgment motion in the Adversary proceeding and is not properly before this Court now. The question of whether the Martinezes had a valid Fifth Amendment privilege was decided in the Bankruptcy

proceeding in response to LANB's motion to compel. The issue before the Court on LANB's motion for summary judgment was whether the Martinezes willfully and intentionally refused to respond to material questions approved by the court. That is what was briefed and argued in the Adversary proceeding and what the bankruptcy court ruled upon.

In response to LANB's motion for summary judgment, the Martinezes argued that since they had not been granted immunity, they were entitled to "properly assert their privilege against self-incrimination and retain their right to be discharged." As a general proposition, that is a correct statement of the law. However, the Martinezes failed to acknowledge the fact that the bankruptcy court had already ruled that they had not properly asserted their privilege against self-incrimination as to several questions that had been asked of them during their depositions in September, 2001. When they re-asserted their Fifth Amendment privilege at the reconvened depositions in July, 2002, it was in direct violation of the Order.

This Court is in no position to determine whether the Order was proper or not. The arguments propounded by the parties in their respective briefs as well as arguments made at the hearing, are not part of the record on this appeal. The issue before this Court is whether summary judgment was properly granted to LANB in the Adversary proceeding. In the motion for summary judgment, the bankruptcy court was asked to determine whether the Martinezes were in violation of 11 U.S.C. §727(a)(6)(c), not whether the Order properly analyzed the Martinezes Fifth Amendment privilege. Therefore, this Court will not attempt to make that analysis.

WHETHER THE SUMMARY JUDGMENT VIOLATED THE
MARTINEZES' FIFTH AMENDMENT PRIVILEGES

The Martinezes argue that the granting of summary judgment in favor of LANB violated their Fifth Amendment privileges. Again, whether the Martinezes validly invoked their Fifth Amendment privilege in their depositions had already been ruled on by the bankruptcy court in the Bankruptcy proceeding and set forth in the Order. If the Martinezes believed this was an incorrect ruling, they should have taken steps to reverse the Order or stay it's implementation in the Bankruptcy proceeding. The question of whether the Order was proper and correct is not before this Court. What is before this Court is whether the bankruptcy court, in the Adversary proceeding, erred in granting summary judgment in favor of LANB when it found that the Martinezes willfully refused to respond to material questions approved by that court.

### WHETHER GRANTING SUMMARY JUDGMENT WAS AN ABUSE OF DISCRETION

The Martinezes also assert the granting of summary judgment was an abuse of discretion because it was "unnecessary and exceeded all bounds of permissible choice under the circumstances." Specifically, they claim that "it was unnecessary; it interfered with Katherine Martinez's rights in the criminal case, and it pre-empted the roles and authority of the United States Attorney and the Judge in the criminal case." Brief in Chief, p. 17. Throughout their Brief in Chief and Reply Brief the Martinezes go into detail about the status of the criminal charges brought against Ms. Martinez. Their basic argument is that since the criminal case was close to being resolved, the bankruptcy court should have delayed ruling on the summary judgment until that time because the Fifth Amendment issues would then be moot.

Although the Martinez go to great lengths to explain to this Court what was going on in Ms. Martinez' criminal case, that information was not before the bankruptcy court in the Adversary proceeding. There is nothing in the Record on Appeal that would show that the court in the

9

Adversary proceeding had been informed that Ms. Martinez' criminal case was close to being resolved. The Martinezes never filed a motion to stay or similar pleading in the Adversary proceeding to put the bankruptcy court on notice of what was transpiring and request that the matter be stayed pending the outcome of the criminal case. As the court in the Adversary proceeding was never put on formal notice that Ms. Martinez' criminal case was approaching an end, it was not an abuse of discretion for the court to grant the motion for summary judgment.

### WHETHER THERE WERE DISPUTED ISSUES OF MATERIAL FACT PRECLUDING SUMMARY JUDGMENT

Finally, the Martinezes contend that the Bankruptcy Court erred in entering summary judgment when there were material issues of fact in dispute. Specifically, the Martinezes argue that there is a disputed issue of material fact as to whether or not their refusal to answer the questions that they were specifically ordered to answer were willful and intentional refusals to answer. As noted above, a bankruptcy court's findings of fact will be rejected only if they are clearly erroneous. *Tulsa Energy, Inc. v. KPL Prod. Co. (In re Tulsa Energy, Inc.),* 111 F.3d 88, 89 (10th Cir. 1997).

In their response to LANB's motion for summary judgment, the Martinezes argued that because Ms. Martinez was under federal indictment and Mr. Martinez was threatened by the indictment of his spouse, invoking their Fifth Amendment privilege was an exercise of a "constitutional protected right and necessary because of the indictment" and therefore their refusal to answer questions was not a "willful failure to obey the Order." Nonetheless, the Martinezes acknowledged that at the time of their depositions they were aware of the bankruptcy court's compulsion order. In refusing to testify when commanded to do so by an unambiguous order, the Martinezes had to know that their conduct was in clear violation of the Order and thus, contrary to

law.  Questioning the wisdom or validity of a court order is not an excuse to refuse to comply with that order.  *United States v. Ray*, 683 F.2d 1116, 1127 (7th Cir. 1982); *United States v. Barardelli*, 565 F.2d 24 (2nd Cir. 1977).

In their appeal brief, the Martinezes assert that reliance on criminal defense counsel and the Fifth Amendment, when one is under indictment, negates the wilfulness of a failure to answer a question based upon a Fifth Amendment privilege.  In setting forth this argument, the Martinezes site to several cases, however, as correctly pointed out by LANB, none of the cases they cite in their brief support their proposition.  Furthermore, reliance on upon the advice of counsel is not a valid defense for not obeying a court order. *See, United States v. Armstrong*, 781 F.2d 700 (9th Cir. 1986); *United States v. Ray*, 683 F.2d 1116 (7th Cir. 1982);  *United States v. Seavers*, 474 F.2d 607 (6th Cir. 1973).  The Martinezes were ordered to answer specific questions that the bankruptcy court found were not protected by the Fifth Amendment privilege.  As long as the Order was in effect, the Martinezes were compelled to obey it.

Willful is defined as, "Proceeding from a conscious motion of the will; voluntary.  Intending the result which actually comes to pass; designed; intentional; not accidental or involuntary."  Black's Law Dictionary 1434 (5th ed. 1979).  At the time of their reconvened deposition in June, both the Martinezes and their attorneys acknowledged that they were there at the direction of the court to answer specific questions that they had previously refused to answer on Fifth Amendment grounds.  With the exception of two of questions, the Martinezes refused to answer the questions the bankruptcy court had specifically ordered them to answer.  The court below found this behavior to be willful and intentional and this Court agrees.  As noted by LANB, "With a full understanding of the Bankruptcy Court's order compelling them to answer to Compelled Questions, appellants

11

deliberately disregarded the Order to Compel and their refusal to answer was not inadvertent or thwarted by circumstances beyond their control."

## CONCLUSION

For all the reasons set forth above, I recommend that the United State Bankruptcy Court's order granting summary judgment to LANB be affirmed.

_____
W. Daniel Schneider
UNITED STATES MAGISTRATE JUDGE